## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM RAY McDERMITT,**

        **Plaintiff,**

v.                                                                                          Civil Action No. 2:16cv109
                                                                                            (Judge Bailey)

**JIM RUBENSTEIN, Commissioner;**
**PATRICK MIRANDY; Warden;**
**TAMMY DAUGHTERTY, HSA;**
**SHERRY DAVIS, Associate Warden;**
**DR. JAMES BEAN, M.D.;**
**WEXFORD HEALTH SOURCES, INC.,**

        **Defendants.**

### REPORT AND RECOMMENDATION ON PLAINTIFF'S
### MOTION FOR EMERGENCY INJUNCTION

### BACKGROUND

The Plaintiff, a state inmate, initiated this *pro se* case on December 23, 2016, by filing a civil rights complaint against a number of defendants concerning his medical care at St. Marys Correctional Center. ECF No. 1. The Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] with the required Prisoner Trust Account Report with ledger sheets [ECF No. 4] and a Consent to Collection of Fees. ECF No. 3. On May 9. 2017, the Plaintiff was granted leave to proceed *in forma pauperis* but was Ordered to pay an initial partial filing fee of $24.84 within twenty-eight (28) days. ECF No. 11. On May 18, 2017, the Plaintiff paid the initial partial filing fee. ECF No.  On June 12, 2017, the Plaintiff filed an Amended Complaint without leave of Court. ECF No. 15. On July 6, 2017, the Court directed the Plaintiff to refile his Amended Complaint on the court-approved form within 21 days.

On the same date, the Plaintiff filed his initial complaint, he filed a Motion for Emergency Injunction [ECF No. 6], which is before the undersigned for a Report and Recommendation. The Motion is sparse, at best, and indicates that it is requested due to the continuing deterioration of his serious medical need. The Plaintiff alleges that if he is left to wait until the end of his 1983 litigation, then permanent and irreparable damage could result.

A review of the Plaintiff's Complaint and "proposed" Amended Complaint establishes that from August 8, 2016 until August 18, 2016, while incarcerated at Huttonsville Correctional Center ("HCC"), he was assigned to work with maintenance personnel to construct a large gable roof entrance to the staff building. The Plaintiff alleges that on August 18, 2016, while working atop one level of scaffold, approximately 5 ½ feet high, he fell. The Plaintiff alleges that during the fall, he hit his head, both arms and most of his upper torso on a 6x6 post. He then landed on the concrete ground.

The Plaintiff alleges that he was treated by HCC medical staff for open wounds to his arms and legs but no x-ray or MRI was performed to diagnose possible internal injuries. The Plaintiff indicates that he was transferred to St. Marys Correctional Center ("SMCC") on September 2, 2016.  The Plaintiff acknowledges that upon transfer to SMCC, the medical staff promptly continued treatment of his open wounds. In addition, when his pain worsened, Dr. Beane ordered x-rays of his shoulder and knee, which were negative for broken bones.

The Plaintiff further alleges that after speaking with him at many appointments, Dr. Beane's  professional opinion was that he had significant soft tissue damage and possibly nerve damage to several areas that only an MRI would reveal. However, the Plaintiff

maintains that Dr. Beane advised him that Wexford Health would not approve an MRI, and that he was doing all that he was allowed to treat his injuries. The Plaintiff also alleges that Dr. Beane told him that Wexford would not approve an MRI unless certain other procedures were tried. Finally, the Plaintiff alleges that when his pain and decreased mobility worsened, he begged for an MRI to diagnose his internal injuries but was denied because his injuries were "not life threatening."

On April 26, 2017, the Plaintiff was transferred to Stevens Correctional Center ("SCC"). The Plaintiff alleges that the only medical attention he is currently receiving his Naproxen. The Plaintiff further alleges that he is no longer receiving any medical attention for either his external or internal injuries which he sustained in the fall, and to date, no MRI has been done.

The Plaintiff alleges that he suffers from several symptoms including, but not limited to: limited mobility in the shoulder muscle area, neck, and both knees; headaches; blurred vision; pain and numbness in his knees; scars on both arms, both knees and right ankle; shoulder pain, trouble sleeping; back and neck pain; stress, depression, and pain when walking all of which symptoms stem from both external and internal injuries.

## **ANALYSIS**

A preliminary injunction is "an extraordinary remedy that only may be awarded upon a clear showing that the plaintiff is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.2d 287, 290 (4th Cir. 2011)(quoting Winter v. Natural Res. Def. Counsel, Inc., 55 U.S. 7 (2008)); see Peterson v. National Telecommunications & Information Admin., 505 F. Supp.2d 313, 317 (E.D. Va. 2006)(quoting Direx Israel Ltd. V. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir.

1992))(recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." Dewhurst, 649 F.3d at 290 (internal quotation marks and citations omitted); See Direx v. Israel, 952 F.2d at 812)(indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In Dewhurst, after setting forth the above four-part test, the United States Court of Appeals for the Fourth Circuit separately highlighted the fact that controlling precedent from the Supreme Court of the United States requires that a plaintiff "**clearly show**" that he is likely to succeed on the merits. Id. Winter, 555 U.S. at 22.(emphasis added.).

The demanding standard outlined above becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo pending trial. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief'). As recently explained by the Fourth Circuit:

> Ordinarily, preliminary injunctions are issued to "protect the status quo and to prevent irreparable harm during the pendency of the lawsuit or alternately to preserve the court's ability to render a

4

>   meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litg., 333 F.3d 517, 525 (4th Cir. 2003). Movant, however, seeks to alter the status quo by having a federal court order the Board to include his name on a primary election ballot. But such "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Id. (citation omitted). Consequently, our "application of th[e] exacting standard of review [for preliminary injunctions] is even more searching when the relief requested "is mandatory rather than prohibitory in nature." Id.

Here, although it is not clearly stated, it appears that the Plaintiff seeks a mandatory injunction requiring Defendants to authorize an MRI and, presumably offer treatment beyond that which he is currently receiving. However, an analysis of the Winter factors reveals that Plaintiff's motion for preliminary injunction fails as he has not made a clear showing that he is likely to succeed on the merits of his Complaint. It is noted that the Defendants have not been served as yet, and the Court has no medical records available, although the undersigned believes that the Plaintiff could have submitted a copy of his own pertinent records as an exhibit to his complaint. Furthermore, even accepting the Plaintiff's allegations regarding his medical symptoms as true, there is no clear showing of deliberate indifference as opposed to a mere disagreement over the proper course of treatment. Moreover, a review of the grievances attached to the complaint raises significant doubt as to whether the Plaintiff properly exhausted his administrative remedies as required by the Prison Litigation Reform Act.

Therefore, based upon the record currently before the court, the Plaintiff has not clearly shown that he is likely to succeed on the merits of his claims. Because Plaintiff has not made the necessary showing as to the first factor, it is not necessary to even reach the other factors. See Dewhurst, 649 Fed 3rd at 293 (if a party cannot establish one of these factors, the court cannot grant

a preliminary injunction to the movant).

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Emergency Injunction [ECF No. 6] be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 10, 2017

/s/ Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE