# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**WILLIAM RAY McDERMITT,**

    Plaintiff,

v.                                                   **CIVIL ACTION NO. 2:16-CV-109**
                                                           **(BAILEY)**

**JIM RUBENSTEIN, Commissioner,**
**PATRICK MIRANDY, Warden,**
**TAMMY DAUGHERTY, HSA,**
**SHERRY DAVIS, Associate Warden,**
**DR. JAMES BEAN, M.D.,** and
**WEXFORD HEALTH SOURCES, INC.,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi [Doc. 18]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on July 10, 2017, wherein he recommends this Court deny the plaintiff's Motion for Emergency Injunction [Doc. 6].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on July 11, 2017. [Doc. 19]. The plaintiff timely filed his Objection on July 20, 2017. [Doc. 21]. Accordingly, this Court will review the portions of the R&R to which the plaintiff objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## I.    BACKGROUND

The plaintiff, a state inmate, initiated this action on December 23, 2016, by filing a State Civil Rights Complaint pursuant to 42 U.S.C. § 1983 [Doc. 1], which alleges a number of claims concerning his medical care following an accident and that he has attempted to amend twice [Docs. 15; 22]. The various versions of the Complaint establish that, from August 8, 2016, until August 18, 2016, the plaintiff was assigned to work with maintenance personnel at Huttonsville Correctional Center ("HCC") to construct a large gable roof entrance to the building. The plaintiff alleges that, on August 18, 2016, while working atop one level of scaffold, approximately five and one-half feet high, he fell. He alleges that during the fall, he hit his head, both arms, and most of his torso on a 6x6 post. He then landed on the concrete ground.

The plaintiff alleges that he was treated by HCC medical staff for open wounds, but no x-ray or MRI was performed to diagnose possible internal injuries. He indicates that he was transferred to St. Marys Correctional Center ("SMCC") after his accident, and the

medical staff there promptly continued treatment of his open wounds. In addition, when his pain worsened, Defendant Dr. James Bean ordered x-rays of his shoulder and knee, which were negative for broken bones. The plaintiff further alleges that, after several appointments, Dr. Bean opined that the plaintiff had significant soft tissue damage and possibly nerve damage to several areas that only an MRI would reveal. However, the plaintiff maintains that Dr. Bean advised him that Wexford Health would not approve an MRI, and that he was doing all that he was allowed to treat the injuries. The plaintiff also alleges that Dr. Bean informed him that Wexford would not approve an MRI unless certain other procedures were tried. Finally, the plaintiff alleges that, when his pain and decreased mobility worsened, he asked for an MRI to diagnose his internal injuries but was denied because his injuries were "not life threatening."

On April 26, 2017, the plaintiff was transferred to Stevens Correctional Center ("SCC"), where he allegedly only receives Naproxen as medical treatment. He alleges that he is no longer receiving medical attention for either his external or internal injuries sustained in his fall, and, to date, no MRI has been performed.

The plaintiff alleges that he suffers from several symptoms including, but not limited to: headaches; blurred vision; limited mobility; pain and numbness in both knees, both hands and arms; severe pain in right shoulder; pain in right ankle and back; scars from open wounds; stress; depression; and severe trouble sleeping from pain, especially right shoulder.

On December 23, 2016, the plaintiff filed a Motion for Emergency Injunction [Doc. 6]. Therein, the plaintiff states that the motion is "requested due to the continuing deterioration of [his] serious medical need" and that if he must wait until the end of his

3

§ 1983 litigation, "permanent and irreparable damage could result." [*Id.*]. He further avers that "the serious medical condition is continuing to negatively progress and the pain has become intolerable," and that he has been told that his condition is not life-threatening and will be reevaluated in six months. [*Id.*].

Magistrate Judge Aloi filed the instant R&R [Doc. 18] on July 10, 2017, recommending this Court deny the plaintiff's Motion for Emergency Injunction. Specifically, Magistrate Judge Aloi notes first that, although not entirely clear, it appears that the plaintiff is seeking a mandatory injunction requiring the defendants to authorize an MRI and offer treatment beyond that which he is currently receiving. However, the magistrate judge explains that the plaintiff's motion does not make a clear showing that he is likely to succeed on the merits of his Complaint, a requirement to obtain an injunction pursuant to **Winter v. Natural Resources Defense Council, Inc.**, 555 U.S. 7 (2008). He also expresses doubt, based upon the grievances attached to the pleadings, that the plaintiff properly exhausted his administrative remedies as required by the Prison Litigation Reform Act. As such, Magistrate Judge Aloi recommends the Motion for Emergency Injunction be denied.

The plaintiff filed his Objection to the R&R on July 20, 2017. [Doc. 21].

**II.    DISCUSSION**

The plaintiff begins his Objection by reminding the Court that he is an incarcerated inmate with limited access to medical records, legal help, or even a typewriter. He explains his difficulties in working on the case because he has been transferred to different facilities and his doubt that his medical records actually reflect the severity of his injuries. The

plaintiff states that "only time will tell" if he will suffer irreparable harm "since proper medical treatment, such as an MRI" has not been performed. He further asserts that it has been eleven months since the accident, and he still suffers "pain and anguish" from his injuries, the extent of which will not be proven until proper medical treatment, including an MRI, is given. Finally, the plaintiff notes his displeasure with the requirement that he provide specific information when the defendants keep him "in a position where he is unable to provide information or defend himself."

As an initial matter, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

A liberal reading of the plaintiff's Motion does indicate that he is requesting an immediate injunction in order to compel certain medical procedures. Magistrate Judge Aloi's R&R thoroughly explains the requirements necessary to obtain an injunction. Importantly, a party seeking relief must establish:

> (1) that he is likely to succeed on the merits of his ultimate claim,
>
> (2) that he is likely to suffer irreparable harm in the absence of preliminary relief,
>
> (3) that the balance of equities tips in his favor, and
>
> (4) that an injunction is in the public interest.

**Winter**, 555 U.S. at 20; **Dewhurst v. Century Aluminum Co.**, 649 F.3d 287, 290 (4th Cir. 2011). When a party is seeking, as here, to do more than simply preserve the status quo–i.e. compel action–this standard is even more rigorously construed, and the injunction

5

should only be granted in the most "extraordinary circumstances." ***Perry v. Judd***, 471 Fed.Appx. 219, 223-224 (4th Cir. 2012) (citing ***In re Microsoft Corp. Antitrust Litig.***, 333 F.3d 517, 525 (4th Cir. 2003)[1]).

Although the plaintiff's Motion is held to less stringent standards than would a motion drafted by an attorney, the plaintiff still has not established that he is entitled to injunctive relief, particularly of the type requested, and his Objection does little to bolster his Motion. The Motion requests that this Court compel "thorough diagnosis and medical treatment" because, if he is made to wait until the end of this litigation, "permanent and irreparable damage could result." In order to determine whether the plaintiff is entitled to such relief, this Court must first determine whether the plaintiff has demonstrated that he is likely to succeed on the merits of his underlying action. The plaintiff does not make any averment or argument in this regard. He simply asserts in the Motion that his condition has worsened and the pain is intolerable. His Objection reiterates his "pain and anguish" and asserts the difficulties he has faced in working on his case due to limited access to legal assistance and records.

This Court cannot permit the plaintiff to be exempt from the stringent requirements necessary to obtain the injunctive relief he requests simply because he asserts that he requires it and has limited access to legal assistance in order to meet the pleading standards. The plaintiff has not attempted to provide this Court with medical records or any other documentation in order to have even a preliminary assessment of his condition in order to determine whether he may be entitled to injunctive relief. Furthermore, this

---

[1] *Abrogated on other grounds by **eBay, Inc. v. MercExchange, L.L.C.**, 547 U.S. 388 (2006).*

Court agrees with the magistrate judge in that the plaintiff has made no showing that deliberate indifference is the cause of his alleged ongoing physical discomfort, rather than a disagreement as to the proper course of treatment.

Moreover, the plaintiff's assertion that "only time will tell if [he] will suffer from 'irreparable harm,'" which seems to be his only specific objection to the R&R's findings, is unpersuasive. It is common sense that neither this Court nor a party will be able to predict precisely what will happen in the future. Instead, the burden was on the plaintiff to demonstrate that he *is likely to suffer* irreparable harm should this Court not grant the requested relief. His statement that this "will be proven when he does somehow receive proper medical treatment once released from incarceration," without any other supporting argument or evidence, does not meet this burden. Although his arguments are held to a less stringent standard, the fact remains that the plaintiff did not even attempt to make this showing or any other showing required of a request for injunctive relief, even after Magistrate Judge Aloi's R&R informed him of that which was necessary.

In sum, the plaintiff's Motion does not satisfy the requirements needed to show entitlement to injunctive relief, nor does his Objection serve to remedy the Motion's deficiencies. As such, the plaintiff's unsupported assertions have not demonstrated the existence of an "extraordinary circumstance" that justifies injunctive relief compelling action, and his Motion must be denied.

As a final matter, this Court notes that this opinion does not reflect an opinion as to the ultimate merits of the plaintiff's Complaint. It serves only to find that the plaintiff has not demonstrated his entitlement to relief in the form of an injunction.

7

### III. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that Magistrate Judge Aloi's Report and Recommendation **[Doc. 18]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. The plaintiff's Objection **[Doc. 21]** is **OVERRULED**. Accordingly, the plaintiff's Motion for Emergency Injunction **[Doc. 6]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: August 17, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE