# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### ELKINS

**WILLIAM RAY McDERMITT,**

    Plaintiff,

v.                                                       **CIVIL ACTION NO. 2:16-CV-109**
                                                                  **(BAILEY)**

**JIM RUBENSTEIN, et al.,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 65]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on July 30, 2018, wherein he recommends the following:

> (1) the Motion to Dismiss filed by Sherry Davis, Patrick Mirandy and Jim Rubenstein **[Doc. 30]** be **GRANTED**, and the Plaintiff's complaint as it relates to them be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted; (2) the Motion to Dismiss filed by James Bean and Wexford Health Sources **[Doc. 41]** be **GRANTED**, and the Plaintiff's complaint as it relates to them regarding deliberate indifference to medical care be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies; (3) the Motion to Dismiss filed by Tammy Daugherty **[Doc. 56]** be **GRANTED**, and the Plaintiff's complaint as it relates to her be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted; (4) the Plaintiff's Complaint as it relates to work safety be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted; (5) the Plaintiff's complaint as it relates to medical malpractice/negligence be **DISMISSED WITHOUT PREJUDICE** for failure to satisfy the requirements of the West Virginia Medical Professional Liability Act; and (6) the Plaintiff's complaint as it relates to deliberate indifference to his medical needs by Bean and Wexford be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

1

[Doc. 65 at 27–28].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on August 3, 2018 [Doc. 66]. To date, no objections have been filed. Accordingly, this Court will review the R&R for clear error.

Upon careful review of the above, it is the opinion of this Court that the Report and Recommendation **[Doc. 65]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** the following:

- The Motion to Dismiss filed by Sherry Davis, Patrick Mirandy and Jim Rubenstein **[Doc. 30]** is **GRANTED**, and the Plaintiff's complaint as it relates to them is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted;

- The Motion to Dismiss filed by James Bean and Wexford Health Sources **[Doc. 41]** is **GRANTED**, and the Plaintiff's complaint as it relates to them regarding deliberate indifference to medical care is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies;

- The Motion to Dismiss filed by Tammy Daugherty **[Doc. 56]** is **GRANTED**, and the Plaintiff's complaint as it relates to her is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted;

- The Plaintiff's Complaint as it relates to work safety is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted;

- The Plaintiff's complaint as it relates to medical malpractice/negligence is **DISMISSED WITHOUT PREJUDICE** for failure to satisfy the requirements of the West Virginia Medical Professional Liability Act; and

- The Plaintiff's complaint as it relates to deliberate indifference to his medical needs by Bean and Wexford is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

This Court further **ORDERS** that this matter be **STRICKEN** from the active docket of this Court and **DIRECTS** the Clerk to enter judgment in favor of defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED**: August 21, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE